UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HECTOR MONCALVO,**<br><br>    Plaintiff,<br><br>    v.<br><br>**THE CITY OF PLAINFIELD,** *et al.*,<br><br>    Defendants. | Civ. No. 2:16-cv-03513 (WJM)<br><br>**OPINION** |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

Plaintiff Hector Monclavo filed, through counsel, this 42 U.S.C. § 1983 action against the City of Plainfield, the Plainfield Police Department, the Union County Prosecutor, the Union County Prosecutor's Office ("UCPO"), the State of New Jersey, the New Jersey Department of the Treasury and other John Doe Defendants. This matter comes before the Court on a motion by the Union County Prosecutor, UCPO, the State of New Jersey, and the New Jersey Department of the Treasury ("Moving Defendants") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion is **GRANTED in part and DENIED** in part: specifically, the motion is **GRANTED** and the Complaint is **DISMISSED** as to the Union County Prosecutor and UCPO, but the motion to dismiss is **DENIED** as to the other Moving Defendants.

I.   BACKGROUND

The following facts are alleged in the Complaint and taken as true for purposes of the pending motion to dismiss. ECF No. 1, Ex. A (Compl.). In September 2014, Plaintiff was arrested and incarcerated in a Union County Department of Corrections facility for a crime he did not commit. *Id.* at 4-5. The charges against him were ultimately administratively dismissed. *Id.*

Plaintiff principally alleges that Defendants' "policies, practices, or customs of conducting unlawful interrogations, unlawful police identification procedures, unlawful intrusion of his home and arrests, and failing to adequately train, supervise and discipline officers and assistant prosecutors" led to violations of his constitutional rights. *Id.* at 5. Specifically, Plaintiff claims that Defendants "engaged in unconstitutional behavior by

encouraging and condoning a system of conducting arrests and incarcerations, particularly of poor people, that would and did violate the rights of the public, failing to have systems in place to prevent people from being left in prison with no evidence to support an arrest or incarceration and/or failing to properly train its employees" regarding individuals' constitutional rights. *Id*. at 10.

Plaintiff raises claims under 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of New Jersey for: (1) wrongful arrest and prosecution; (2) wrongful imprisonment; (3) malicious prosecution; (4) intentional infliction of emotional distress; (5) abuse of process; (6) negligence, with respect to the "investigation, indictment, identification process, prosecution and incarceration of the Plaintiff," and a claim under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2. *Id*. at 8-18.

Plaintiff originally filed his Complaint in the Superior Court of New Jersey. Moving Defendant removed the case to this Court. ECF No. 1. Moving Defendants now move to dismiss. ECF No. 2. Plaintiff opposes the motion, and requests leave to amend his Complaint should the action be dismissed. ECF No. 4.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

## III.   DISCUSSION

### A.   UCPO's Motion to Dismiss

UCPO contends that it is immune from liability because the State is vicariously liable for its actions. Plaintiff opposes, arguing that UCPO waived any immunity defense by removing this action to federal court. The Court finds that the claims against UCPO should be dismissed.

It is well settled that when a state entity voluntarily removes a case from state court to federal court, that state entity is no longer entitled to Eleventh Amendment immunity. *Lapides v. Bd. of Regents,* 535 U.S. 613, 624 (2002). But "while voluntary removal waives a State's immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability." *Lombardo v. Pennsylvania, Dep't of Pub. Welfare*,

2

540 F.3d 190, 198 (3d Cir. 2008).  Courts "look to state law to determine if the [removing Defendant] maintains a separate immunity from liability." *Id*. at 195.

The New Jersey Tort Claims Act ("TCA"), expressly provides that the State of New Jersey is liable for the tortious conduct of public officials, which includes any "political subdivision or public body in the State." N.J.S.A. §§ 59:2–2(a), 59:1–3.  When a county prosecutor's office investigates, arrests, and prosecutes an individual, the office is acting as an "arm of the State," and the State is vicariously liable under the TCA for the county prosecutor's office's actions.  *See Wright v. State,* 169 N.J. 422, 450-52 (2001).  The State is not liable, however, for a county prosecutor's office's action in performing its administrative functions, such as a decision to promote an investigator.  *Id*.

Here, Plaintiff correctly asserts that UCPO has waived its Eleventh Amendment immunity to suit by removing this action to federal court.  *Lapides,* 535 U.S. at 624.  However, UCPO is not precluded from raising other defenses to liability, including those that arise under state law.  *See, e.g., Greer v. Cumberland Cty. Prosecutor's Office*, No. 14-3032, 2015 WL 3603986, at *3 (D.N.J. June 8, 2015) (finding that, by removing the case to federal court, the prosecutor's office had waived its Eleventh Amendment immunity but not its immunity under the New Jersey Tort Claims Act).  The Court finds that UCPO should be dismissed from the case because, under the TCA, the State is vicariously liable for UCPO's actions.

UCPO confirms that the State has agreed to indemnify UCPO in this action, as set forth in the TCA.  And Plaintiff's specific claims plainly fall within the scope of the State's vicarious liability.  The State of New Jersey is liable for a county prosecutor's office's actions when it is investigating and prosecuting a crime.  *See Lavezzi v. State*, 219 N.J. 163, 172 (2014); *Fletcher v. Camden County Prosecutor's Office*, 2010 WL 4226150 (N.J. Super. Ct. App. Div. Oct. 27, 2010) (dismissing claims against county prosecutor's office based on its investigation and prosecution of a crime).  To the extent that Plaintiff alleges that the UCPO's failure "to adequately train, supervise and discipline officers and assistant prosecutors" led to violations of his constitutional rights, *see* Compl. at 10, training and supervisory activities are prosecutorial functions rather than administrative functions.  *See Van de Kamp v. Goldstein,* 555 U.S. 335, 344 (2009); *Hyatt v. Cty. of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009); *Adams v. City of Atl. City*, No. 13-7133, 2014 WL 2094090, at *5 (D.N.J. May 20, 2014) (stating that New Jersey "[c]ourts likewise have held that 'training and supervisory activities are prosecutorial functions,' and therefore the responsibility of the state, not the county).  Accordingly, the Court will **GRANT** UCPO's motion to dismiss.[1]

---

[1] The Court could also grant UCPO's motion to dismiss on alternative grounds: under New Jersey law, a county prosecutor's office "is not a separate entity that can be sued under § 1983," *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007), which has "no juridical status apart from that of the County Prosecutor or the State," *McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *7 (D.N.J. June 4, 2014)

### B. The Union County Prosecutor's Motion to Dismiss

The Union County Prosecutor moves to dismiss, arguing that he is entitled to prosecutorial immunity. The Court agrees.

Prosecutors are entitled to absolute immunity in § 1983 actions for conduct "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976), which includes initiating judicial proceedings, presenting evidence in support of a search warrant application, and training or supervising other prosecutors, *Van de Kamp,* 555 U.S. at 343, 346; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution"). Unlike its federal counterpart, prosecutorial immunity is not absolute under New Jersey law. *Pitman v. Ottehberg,* No. 10–2538, 2015 WL 179392, at *9 (D.N.J. Jan. 14, 2015). New Jersey's TCA limits immunity for a public employee "if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. § 59:3–14(a).

Here, the Union County Prosecutor is immune under both federal and New Jersey law. First, as described above, the Union County Prosecutor's waiver of immunity under Eleventh Amendment does not preclude him from raising prosecutorial immunity as a defense. *Lombardo*, 540 F.3d at 198. Second, while Plaintiff has named the Union County Prosecutor as a Defendant in the caption of his Complaint, there are no specific claims as to his individual role in initiating a criminal prosecution against Plaintiff. Even taking the allegations of the Complaint as a whole against the Prosecutor, Plaintiff fails to assert any conduct beyond what is "intimately associated with the judicial phase of the criminal process," and therefore within the protection of prosecutorial immunity. *See Kulvicki v. Dawson,* 969 F.2d 1454, 1464 (3d Cir. 1992) (decision to prosecute even where it is without a good faith belief that any wrongdoing occurred still protected by absolute immunity). Nor does Plaintiff allege, with respect to his state law claims, that any of the Union County Prosecutor's actions constituted a crime, actual fraud, actual malice, or willful misconduct. Accordingly, the motion to dismiss is **GRANTED** as to the Union County Prosecutor.

### C. The Remaining Moving Defendants' Motion to Dismiss

Although this motion to dismiss has been filed collectively on behalf of the Union County Prosecutor, UCPO, the State of New Jersey, and the New Jersey Department of the Treasury, the supporting brief only advances arguments on behalf of the Union County Prosecutor and UCPO. In fact, the sum of UCPO's argument rests on its

---

(internal citations omitted); *see also Estate of Matthew Mckloskey v. Franklin Twp.*, No. 15-4171. 2016 WL 4680154, at *3 (D.N.J. Sept. 7, 2016).

assertion that the State of New Jersey and its treasury are vicariously liable for its actions, and therefore, the real parties in interest. Under these circumstances, the Court will **DENY** the motion to dismiss as to the State of New Jersey and the New Jersey Department of the Treasury.

## IV. CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED in part and DENIED** in part, insofar as the motion is **GRANTED** and the Complaint is **DISMISSED** as to UCPO and the Union County Prosecutor, but the motion is **DENIED** as to the other Moving Defendants. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 10, 2016**