UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HECTOR MONCALVO,**<br><br>Plaintiff,<br><br>v.<br><br>**THE CITY OF PLAINFIELD,** *et al.*,<br><br>Defendants. | Civ. No. 2:16-cv-03513 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Hector Monclavo filed, through counsel, this 42 U.S.C. § 1983 action against the City of Plainfield, the Plainfield Police Department, the Union County Prosecutor, the Union County Prosecutor's Office ("UCPO"), the State of New Jersey, the New Jersey Department of the Treasury, and other John Doe Defendants. This matter now comes before the Court upon a renewed motion to dismiss by the State of New Jersey and the New Jersey Department of the Treasury (hereinafter "the State"). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the State's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED** with prejudice as to the State.

I. RELEVANT BACKGROUND

The Court writes for the benefit of the parties and assumes familiarity with the underlying facts, as described more thoroughly in the Court's November 2016 Opinion. *See Moncalvo v. City of Plainfield*, No. 16-cv-03513, 2016 WL 6662694, at *1 (D.N.J. Nov. 10, 2016) ("*Moncalvo I*"). What follows is a brief recitation of the facts relevant to the current pending motion.

In May 2016, Plaintiff filed his § 1983 Complaint in the Superior Court of New Jersey. ECF No. 1. In June 2016, the State and other non-moving Defendants removed the case to this Court. *Id*. In his Complaint, Plaintiff alleges that he was arrested and subsequently incarcerated for a crime he did not commit. *Id*. at 4-5. The gravamen of Plaintiff's Complaint is that Defendants' "policies, practices, or customs of conducting unlawful interrogations, unlawful police identification procedures, unlawful intrusion of

his home and arrests, and failing to adequately train, supervise and discipline officers and assistant prosecutors" led to violations of his constitutional rights during the course of his arrest and incarceration. *Id*. at 5. Plaintiff raises claims under, *inter alia*, 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2 ("NJCRA"). *Id*. at 8-18.

In July 2016, the Union County Prosecutor, the UCPO, and the State moved to dismiss the Complaint. In November 2016, this Court granted the Union County Prosecutor and UCPO's motion to dismiss on immunity grounds. *Moncalvo I* at *2-3. However, the Court denied the State's motion to dismiss because the State had failed to advance any arguments on its behalf. *Id*. at *3.

The State now moves, for the second time, to dismiss the Complaint, arguing that it is not a person amenable to suit under either § 1983 or the NJCRA. ECF No. 9. Plaintiff does not oppose the motion.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

## III.    DISCUSSION

The State contends that the Complaint should be dismissed against it because it is not a person amenable to suit under § 1983 or the NJCRA. The Court agrees.

As a preliminary matter, it is well settled that when a State voluntarily removes a case from state court to federal court, the State waives its Eleventh Amendment immunity. *Lapides v. Bd. of Regents,* 535 U.S. 613, 624 (2002) (a "State's voluntary appearance in federal court amount[s] to a waiver of its Eleventh Amendment immunity"). But "while voluntary removal waives a State's immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability." *Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008).

"The importance of this latter point goes not to Eleventh Amendment immunity from suit in a federal court, but rather to the personhood of [. . .] the Defendants for the purposes of § 1983." *Love v. New Jersey Dep't of Corr.*, No. 15-4404, 2016 WL 2757738, at *4 (D.N.J. May 12, 2016). In other words, the State, by removing the case, has not waived its argument that it is not a suable "person" under § 1983 and the NJCRA.

*See Didiano v. Balicki*, No. 10-4483, 2011 WL 1466131, at *8 (D.N.J. Apr. 18, 2011) (collecting cases), *aff'd*, 488 Fed. App'x. 634 (3d Cir. 2012); *see also Davis v. Yates*, No. 15-cv-6943, 2016 WL 5508809, at *4 (D.N.J. Sept. 27, 2016) ("moving defendants have not, by removing the case, waived their argument that they are not suable 'persons' under § 1983 and the NJCRA").

Under both § 1983 and the NJCRA, a state, a department of a state, or a subsection of such a department or other organized arm of the state, is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Didiano,* 488 F. App'x at 638 ("New Jersey has provided its own definition of the word 'person,' and that definition does not include the State or defendants which are the functional equivalent of the State."). Here, because the State and its Department of Treasury are not "persons" under § 1983 or the NJCRA, the Complaint will be dismissed with prejudice against them.[1]

### IV. CONCLUSION

For the reasons stated above, the State's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED with prejudice** as to the State. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 16, 2017**

---

[1] The Court further notes that "a Plaintiff cannot circumvent the State's sovereign immunity by alleging *Monell* liability under section 1983." *Harris v. Soto*, No. 16-cv-2551, 2016 WL 7391037, at *5 (D.N.J. Dec. 21, 2016) (internal citations omitted). *Monell* liability only attaches to local governments, and does not attach to the State or its agencies. *See Monell*, 436 U.S. at 690 ("Congress did intend *municipalities and other local government* units to be included among those persons to whom § 1983 applies.") (emphasis added); *see also Will*, 491 U.S. 58, 70 (holding that *Monell* is not applicable to "States or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes").