# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HECTOR MONCALVO, | Civ. No. 2:16-cv-03513 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| THE CITY OF PLAINFIELD, *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Hector Monclavo filed, through counsel, this 42 U.S.C. § 1983 action against, *inter alia*, the City of Plainfield.[1] This matter now comes before the Court upon a motion by the City for judgment on the pleadings. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the City's motion is **GRANTED** insofar as the Complaint is **DISMISSED** without prejudice. Plaintiff may file an amended Complaint within 30 days of this Opinion and the accompanying Order.

## I. RELEVANT BACKGROUND

The Court writes for the benefit of the parties and assumes familiarity with the underlying facts, as described more thoroughly in this Court's November 2016 Opinion. *See Moncalvo v. City of Plainfield*, 2016 WL 6662694, at *1 (D.N.J. Nov. 10, 2016). What follows is a brief recitation of the facts relevant to the presently pending motion.

In May 2016, Plaintiff filed his § 1983 Complaint in the Superior Court of New Jersey. ECF No. 1. In his Complaint, Plaintiff alleges that he was arrested and subsequently incarcerated with no evidence that he had committed a crime or that there was probable cause to arrest him. *Id*. at 4-5. In June 2016, the action was removed to this Court. *Id*.

The City now moves for judgment on the pleadings under Rule 12(c), arguing that Plaintiff has not set forth sufficient factual matter in his Complaint to show that he has a

---

[1] The Plainfield Police Department initially joined this motion; however, Plaintiff has voluntarily dismissed the action as to the Police Department. ECF No. 21. All other Defendants in this action have also been dismissed; therefore, the City is the only remaining Defendant.

plausible claim for relief. Plaintiff opposes the motion, but also requests leave to amend the Complaint, acknowledging that the Complaint was originally filed in state court and was not tailored to meet the federal pleading standard. In its reply, the City states that it does not object to Plaintiff being permitted to file an Amended Complaint within 30 days of this Court's Order.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth. of N.Y., New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010). Under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *New Jersey Carpenters & Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

## III. DISCUSSION

Here, the City contends that Plaintiff has failed to provide any factual basis for his claim that he was arrested without evidence. In opposition, Plaintiff asserts that the Plainfield Police Department did not provide him with any police records, thereby suggesting that no evidence existed to arrest him. However, Plaintiff further indicates that he could benefit from filing an Amended Complaint now that his case is in federal court. In its Reply, the City bolsters this contention by stating that, because its Rule 26 disclosures have now been made, Plaintiff should have more information than he did at the time of the filing of his Complaint. The City further states that it does not oppose Plaintiff's filing of an Amended Complaint within 30 days of this Court's Order. Because both parties consent to Plaintiff filing an Amended Complaint, the Court will not address the sufficiency of Plaintiff's Complaint at this time, but merely grants the City's motion insofar as Plaintiff's Complaint is dismissed without prejudice to Plaintiff's amending his Complaint within 30 days of this Opinion and Order.

## IV. CONCLUSION

For the reasons stated above, the City's motion is **GRANTED** and the Complaint is **DISMISSED without prejudice**. An appropriate order follows.

          /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 4, 2017**